O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VALENTIN RIOS, | ) | NO. SACV 12-00741-CJC (MAN) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING PETITION |
| | ) | WITHOUT PREJUDICE |
| SANDRA HUTCHENS, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On May 9, 2012, Petitioner filed a 28 U.S.C. § 2241 habeas petition in this district ("Petition").  The Petition alleges a single claim, *to wit*, that:  Petitioner has a pending immigration case; he was detained by the Los Angeles Sheriff's Department on April 30, 2012, and released on May 2, 2012, without being charged with a crime; and Respondent U.S. Immigrations and Customs Enforcement ("ICE") thereafter wrongfully took Petitioner into immigration custody and refuses to release him.  The sole relief sought by the Petition is that Petitioner be released from immigration detention.  (Petition at 3.)

On May 11, 2012, United States Magistrate Judge Margaret A. Nagle ordered that the Petition be served on counsel for ICE.  The copy of the

May 11, 2012 Order served upon Petitioner by mail, at his docket address of record, was returned by the United States Postal Service on May 21, 2012, marked "Refused."[1]

On May 24, 2012, ICE filed a Notice Of Release Of Petitioner From Immigration Detention; Suggestion Of Mootness ("Notice").  With the Notice, Respondent provided competent evidence establishing that, on or about May 15, 2012, Petitioner was released from immigration detention pursuant to an order of supervision.  (Notice, Exs. A-B.)

On June 5, 2012, Magistrate Judge Nagle issued an Order To Show Cause Re: Dismissal For Mootness And Failure To Provide Current Address ("OSC").  The OSC advised Petitioner of the reasons why the Petition appears to be moot and, thus, subject to dismissal.  The OSC further advised Petitioner that he is in violation of Local Rule 41-6, due to his failure to provide the Court with a current address.  The OSC directed Petitioner to file a response, by no later than June 26, 2012, stating whether he concedes or disputes that this case is moot.  The OSC explicitly "cautioned" Petitioner "that a failure to timely respond to this Order will be deemed to constitute a concession that the Petition is moot and should be dismissed."  (OSC at 3.)

On June 14, 2012, the United States Postal Service returned as undeliverable the copy of the re-served May 11, 2012 Order; the envelope bore the notation "No Match Found."  On June 19, 2012, the United States

---

[1]     Petitioner's docket address of record is the Orange County Jail, where he was sent when taken into custody by ICE.  Petitioner has not filed a notice of change of address or otherwise notified the Court of any change in his address.

Postal Service returned as undeliverable the copy of the OSC served upon Petitioner by mail; the envelope bore the notations "Refused" and "No Match."

The deadline for responding to the OSC has passed, and Petitioner has not responded -- presumably because he did not receive the copy of the OSC sent to him.   The Court has no viable means of contacting Petitioner given his failure to comply with Local Rule 41-6 and provide the Court with his current address.

**DISCUSSION**

I.   <u>Dismissal Is Warranted Based On Mootness</u>.

Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy.  *See, e.g.*, <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); <u>Deakins v. Monaghan</u>, 484 U.S. 193, 199, 108 S. Ct. 523, 528 (1988).  A case becomes moot when it no longer satisfies the case or controversy requirement.  <u>Spencer</u>, 523 U.S. at 7, 118 S. Ct. at 983.  The case or controversy requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceedings.  *Id.* "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id. (quoting* <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990)).

1    "If an event occurs that prevents the court from granting effective
2    relief, the claim is moot and must be dismissed." American Rivers v.
3    Nat'l Marine Fisheries Service, 126 F.3d 1118, 1123 (9th Cir. 1997); see
4    also Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113
5    S. Ct. 447, 449 (1992)(case becomes moot if events following case filing
6    make it impossible for the court to grant any meaningful relief).  "The
7    question is whether there can be any effective relief." Cantrell v.
8    City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001); see also NASD
9    Dispute Resolution, Inc. v. Judicial Council of State of Calif., 488
10   F.3d 1065. 1067 (9th Cir. 2007)(whether a case or controversy remains
11   depends on whether the court can give the litigant "'any effective
12   relief in the event that it decides the matter on its merits in his
13   favor'")(citation omitted).

14

15   In the specific context of habeas petitions, a habeas petition is
16   moot when a petitioner's claim for relief cannot be redressed by the
17   issuance of a writ of habeas corpus. See Spencer, 523 U.S. at 7, 118 S.
18   Ct. at 983; Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005).
19   The case or controversy requirement warrants a finding of mootness if:
20   (1) the petitioner has received the relief requested in the petition; or
21   (2) the court is unable to provide the petitioner with the relief
22   sought. Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997); see
23   also Picrin-Peron v. Rison, 930 F.2d 773, 775-776 (9th Cir.
24   1991)(finding appeal of habeas case brought by alien who had been
25   indefinitely detained by the INS but was released prior to consideration
26   of the appeal to be moot).

27

28   As the Supreme Court observed in Spencer: "[M]ootness, however it

4

may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.  We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. at 18, 118 S. Ct. at 988.  That observation is apt here.  Petitioner no longer is subject to the action that he claims caused him harm, *i.e.,* his allegedly wrongful detention in immigration custody.  As Petitioner does not allege any collateral consequences, and none are apparent,[2] "[i]t is clear that the direct consequences of the action challenged here can no longer be remedied in habeas." <u>Cox v. McCarthy</u>, 829 F.2d 800, 803 (9th Cir. 1987).  No case or controversy exists at this time, and this action is moot.  Thus, the Petition should be dismissed.

II.  <u>Dismissal Is Also Warranted Based On Petitioner's Failure To Prosecute</u>.

      Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  In addition, Local Rule 41-6 -- which imposes a duty on *pro se* litigants to keep the Court and the parties apprised of their addresses -- provides, *inter alia*, that:

      If mail directed by the Clerk to a pro se plaintiff's address
      of record is returned undelivered by the Postal Service, and

---

      [2]      An exception to the mootness doctrine exists for petitioners who allege that they would suffer collateral legal consequences if their convictions were allowed to stand.  *See, e.g.,* <u>Spencer</u>, 523 U.S. at 8-14, 118 S. Ct. at 983-86.  That doctrine is inapplicable here.

1    if, within fifteen (15) days of the service date, such

2    plaintiff fails to notify, in writing, the Court and opposing

3    parties of said plaintiff's current address, the Court may

4    dismiss the action with or without prejudice for want of

5    prosecution.

6

7    In determining whether dismissal for lack of prosecution is proper,

8 a court must weigh several factors, including:   (1) the public's

9 interest in expeditious resolution of litigation; (2) the court's need

10 to manage its docket; (3) the risk of prejudice to defendants; (4) the

11 availability of less drastic sanctions; and (5) the public policy

12 favoring the disposition of cases on their merits.   Pagtalunan v.

13 Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d

14 1258, 1260-61 (9th Cir. 1992).

15

16    These factors, on balance, do not favor retention of this action on

17 the Court's docket.   The first and second factors favor dismissal,

18 because Petitioner's failure to provide a viable means for communicating

19 with him necessarily implicates both the public interest in the

20 expeditious resolution of litigation and the Court's need to efficiently

21 manage its docket.   See Pagtalunan, 291 F.3d at 642; see also Yourish v.

22 California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).

23 Petitioner's violation of Local Rule 41-6, and his failure to prosecute

24 this case, have caused this action to come to a halt, thereby

25 impermissibly allowing Petitioner, rather than the Court, to control the

26 pace of the proceedings in this case.   See id.

27

28    As this case is moot, the fifth factor does not justify allowing

this action to continue.   In addition, the fourth factor favors dismissal.   Through the OSC, the Magistrate Judge attempted to provide Petitioner with an avenue for keeping this stalled case alive, *i.e.,* by providing him with an opportunity to argue why the Petition should not be found to be moot.   However, due to Petitioner's failure to notify the Court of his new address, that opportunity could not be exercised. Having taken no action to notify the Court of his changed circumstances or to otherwise participate in this action, it appears that Petitioner has no desire to pursue this case.   Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is appropriate. *See* <u>Ferdik</u>, 963 F.2d at 1263 (dismissal appropriate where strongly supported by three factors).

*       *       *       *       *

For the foregoing reasons, the dismissal of this action due to mootness and Petitioner's failure to prosecute is warranted. Accordingly, IT IS ORDERED that:   the Petition is DISMISSED WITHOUT PREJUDICE on the ground of mootness and pursuant to Rule 41(b); and Judgment shall be entered dismissing this action without prejudice.

DATED: July 3, 2012.

_____
          CORMAC J. CARNEY
     UNITED STATES DISTRICT JUDGE

7

PRESENTED BY:

*Margaret A. Nagle*

_____
    MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE